THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANCESCO
PRONIO, Defendant.

Supreme Court, Jefferson County, June 30, 1930.

*Clarence L. Crabb,* petitioner, in person.

SMITH, J.   It appears that Clarence L. Crabb, attorney at law,
was employed by Melvin F. Kinkley, district attorney of the county
of Jefferson, to assist him in the preparation of the brief to be sub-
mitted to the Court of Appeals on the appeal of the defendant in
the above-entitled action from the judgment of conviction entered
upon the verdict of the jury whereby such defendant was found
guilty of murder in the first degree.   For such services Mr. Crabb
has presented a bill in the sum of $900, which has received the
approval of the district attorney, who has submitted his affidavit
setting forth the circumstances of the employment of Mr. Crabb
by him, the services rendered, and the reasons why the employment
was necessary; and he now asks that this court, which was the
court which presided at the trial, certify this bill for payment,
under the provisions of section 204 of the County Law.

In this action the district attorney did procure an order of the county judge of Jefferson county authorizing the employment of counsel, for the trial of the indictment, pursuant to the provisions of said section 204; the judge presiding at the trial did certify the costs and expenses of such employment, and they have been paid.

The defendant herein was sentenced by the trial court on the 30th of April, 1929; the record in the case was large, and the printing of it was not completed until October 7, 1929; it was not until the 17th of February, 1930, that the appeal was set down for argument in the Court of Appeals, at which time the district attorney, according to his affidavit, had been unable to prepare his brief upon the law, and he was given by the Court of Appeals, after the argument, two weeks in which to submit such brief. It was for the services rendered by Mr. Crabb in the preparation of this brief that Mr. Crabb seeks the certification of this court making charges for his services a charge upon the county.

There are two provisions of the County Law under which the district attorney may receive payment for expenses incurred in the administration of his office; these are as follows:

" § 204. The district attorney of any county in which an indictment has been found for a capital or other important crime, with the approval in writing of the county judge of such county, which shall be filed in the office of the county clerk, may employ counsel to assist him on the trial of such indictment; and the costs and expenses thereof, to be certified by the judge presiding at the trial, shall be a charge upon the county."

" § 240. The following are county charges: * * *

" 2. All expenses necessarily incurred by the district attorney in criminal actions or proceedings arising in his county;"

It is under the provisions of the former section that the instant application is made, and the sole question here involved is whether or not the words " on the trial of such indictment " include the appeal to the Court of Appeals. I am of the opinion that they do not. The word " trial " means a judicial examination of the issues in a particular case, whether they be of law or of fact; and when those issues have been determined and judgment in accordance with such determination entered the trial has ended. In first degree murder cases the appeal is directly to the Court of Appeals, and the function of an appellate court is not to try the issues but to correct any errors which may have been committed upon the trial.

The question as to the necessity of the employment of Mr. Crabb is not before this court. If the Legislature had intended that said section 204 of the County Law should cover anything

more than an authorization for the employment of counsel to assist in the trial of the indictment, it should have so specifically provided. A district attorney ordinarily should perform all the functions of his office, with such means as to assistant district attorneys and otherwise as the county may provide. Of course extraordinary conditions arise, and one of these extraordinary conditions is taken care of by section 204 of the County Law. All other conditions are covered by section 240 of the County Law.

Having expressed the view that the words " trial of such indictment " do not include the appeal to the Court of Appeals, this court is without jurisdiction to hear this application; the district attorney and Mr. Crabb must seek relief from the board of supervisors under subdivision 2 of section 240 of the County Law.

I feel that the power granted to the county judge under section 204 is an extraordinary one, exercised without any representation of the taxpayers of the county excepting as it is had in the personality of the county judge, and that the section should be strictly interpreted; that the employment of counsel on this appeal was or was not necessary, according to circumstances, and that on that subject the board of supervisors, representing the taxpayers of the county, should have opportunity to pass their judgment, and that if their judgment is reviewable they should have an opportunity to be heard upon such review.

The application is denied.